TROUTMAN PEPPER HAMILTON SANDERS LLP
Leah S. Strickland (SBN 265724)
leah.strickland@troutman.com
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: 757.687.7500
Facsimile: 757.687.7510

Attorneys for Defendant
Ally Financial Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA SMITH,<br><br>          Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.; AND DOES 1-10 inclusive,<br><br>          Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Ally Financial Inc. ("Defendant" or "Ally"), by and through its counsel, hereby removes the action styled *Nova Smith v. Ally Financial Inc.*, Case No. 34-2022-00320875, filed on May 31, 2022 in Sacramento Superior Court (the "State Court Action") from the Superior Court for the State of California, County of Sacramento, to the United States District Court for the Eastern District of California. The jurisdictional basis for removal is federal question jurisdiction, pursuant to 28 U.S.C. § 1331. In support of removal, Ally states as follows:

///

///

///

## BACKGROUND

1. On May 31, 2022, Nova Smith ("Plaintiff") commenced

2. the State Court Action by filing Plaintiff's Complaint for Violations of: 1. Fair Credit Reporting Act 2. California Consumer Credit Reporting Agencies Act (the "Complaint") against Ally in the Superior Court for the State of California, County of Sacramento.

3. Ally was served with a copy of the Complaint on June 7, 2022.

4. In the Complaint, Plaintiff asserts causes of action against Ally for alleged violation of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681n, and for alleged violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) (the "State Law Claim").

## REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

5. Ally denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed the Complaint in this Court under federal question jurisdiction. Plaintiff asserts claims under the FCRA, which arise under the laws of the United States. (See Complaint, ¶¶ 18, 20, 22.)

6. Under 28 U.S.C. § 1331, federal courts have original jurisdiction of all cases that arise under federal law, and such cases are explicitly within this Court's federal question jurisdiction. The FCRA is a federal statute that arises under federal law. Therefore, this Court has federal question jurisdiction over this action because Plaintiff's claim arises under the FCRA. This case is removeable to this Court under 28 U.S.C. § 1331.

## THE COURT HAS SUPPLEMENTAL AND DIVERSITY JURISDICTION OVER THE STATE LAW CLAIM

7. The Court has jurisdiction over the State Law Claim because it arises out of a common nucleus of operative facts as the claim that arises under federal law, such that the State Law Claim is so related to the claim over which the court has original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution. The court therefore has supplemental jurisdiction over the State Law Claim. 28 U.S.C. § 1367.

8. In addition, the court has diversity jurisdiction over the State Law Claim. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

9. Plaintiff is a resident of Sacramento County, California. See Compl. ¶ 2. Accordingly, for purposes of determining diversity of citizenship, Plaintiff is citizen of California.

10. Defendant Ally is a corporation organized under the laws of Delaware, with its principal place of business in Michigan. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As such, Ally is a citizen of Delaware and Michigan. See 28 U.S.C. § 1332(c)(1). Accordingly, for purposes of diversity jurisdiction, Ally is not a citizen of the State of California. See 28 U.S.C. 1332(c).

11. In addition, the amount in controversy exceeds $75,000, , exclusive of interest and costs, because Plaintiff alleges grounds for punitive damages under the FCRA by asserting a willful violation, and requests both statutory and punitive damages under the CCRAA. (Compl. ¶¶ 22, 25 & Prayer for Relief.) Any person who willfully violates the FCRA is liable for actual (including emotional distress), statutory, or punitive damages. *See* 15 U.S.C. § 1681n. Punitive damages under the FCRA are uncapped. Moreover, the CCRAA provides for punitive damages of up to $5,000 per violation, which is also uncapped. Combining these requests brings the amount in controversy to over $75,000.00. *See* 28 U.S.C. § 1332(a).

### REMOVAL OF THE STATE COURT ACTION TO THIS DISTRICT <u>COURT IS PROCEDURALLY PROPER</u>

12. This Notice of Removal is being filed within thirty (30) days of Ally's receipt of the Complaint, making the action timely removed pursuant to 28 U.S.C. § 1446(b). Ally is the only named defendant.

13. Venue is proper in this District Court, pursuant to 28 U.S.C. § 1441(a), because it is the district court for the district and division embracing the place where the State Court Action is pending.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing Notice of Removal with the Clerk of the Superior Court of the State of California, County of Sacramento.

15. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached hereto as **Exhibit A**. Upon information and belief, no other process, pleadings, or orders have been served on Defendant, and the contents of **Exhibit A** constitute the entire file of the State Court Action.

16. As of the date of this removal, Defendant has not filed a responsive pleading to the Complaint. By removing the case to this Court, Removing Defendant does not waive any defenses, counterclaims, objections, or motions available to it under the applicable law. In particular, Defendant expressly reserves the right to move for dismissal pursuant to Fed. R. Civ. Proc. 12, and specifically to challenge service under Fed. R. Civ. P. 12(b)(2) and 12(b)(5).

17. Defendant also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendant expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

## CONCLUSION

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant hereby removes the State Court Action from the Superior Court for the State of California, County of Sacramento, to the United States District Court for the Eastern District of California and seeks whatever further relief this Court deems equitable and just.

| | | |
|---|---|---|
| 1 | Dated: July 7, 2022 | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| 2 | | |
| 3 | | |
| 4 | | By: *s/ Leah S. Strickland* |
| | | Leah S. Strickland |
| 5 | | Attorneys for Defendant |
| | | Ally Financial Inc. |

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

127770973v1

- 5 -

NOTICE OF REMOVAL

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1400, Irvine, California 92614-2545.

On **July 7, 2022**, I served the following document(s) described as:

## NOTICE OF REMOVAL

on the persons below as follows:

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Adrian R. Bacon, Esq.<br>Thomas E. Wheeler, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>21031 Ventura Blvd., Suite 340<br>Woodland Hills, CA 91364<br>Tel: 323.306.4234<br>Fax: 866.633.0228<br>Email: tfriedman@toddflaw.com;<br>abacon@toddflaw.com;<br>tweeler@toddflaw.com | *Attorney for Plaintiffs,* |

[X] **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 7, 2022**, at Irvine, California.

_____
Evelyn S. Duarte